IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LARRY BONHAM                                                                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:05cv300WJG-JMR

HOME DEPOT U.S.A., INC.                                                                          DEFENDANT

MEMORANDUM OPINION

This cause comes before the Court on motion of the Defendant, Home Depot U.S.A., Inc. [Home Depot] to dismiss [8-1] the fraud count in Plaintiff's amended complaint. , pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court, being fully advised in the premises and having examined the briefs and complaint in this case, finds as follows:

Statement of Facts

Bonham filed suit asserting that on August 20, 2004, he contracted with Home Depot for the purchase and installation of kitchen and bathroom cabinets and appliances.  (Am. Compl., p. 2.)  Bonham claims that Home Depot "induced" him into an installation agreement based on advertising and promotions in which Home Depot allegedly claimed to have special knowledge and abilities regarding cabinet installation.  (*Id*.)  As part of the agreement Home Depot warranted the workmanship of the installation.  (*Id*.)  Home Depot provided a kitchen closing checklist in which Home Depot set the targeted date for completion of the kitchen cabinet installation to be November 12, 2004, or earlier.  (*Id*., Exh. B.)

Bonham asserted that Home Depot caused him to be without a functional kitchen for 70 days and without a master bathroom for 125 days.  (Ct. R., Doc., p. 4.)  He asserts that Michelle

Lylaes, a Home Depot employee, completed the kitchen closing checklist in which she represented to Bonham both verbally and through the checklist that the installation of his kitchen cabinets would take two to three working days.  (*Id*., pp. 3, 5.)  The closing checklist provides within the project estimated timeline that the cabinet lead time would be five to six weeks, installation of cabinets would take two to three days and the final project timeline would be ten to twelve weeks from the order date of the cabinets.  (Ct. R., Doc. 1, Exh. B.)

Bonham alleges that he was told by Johnny Bryant, another Home Depot employee, that he should remove his existing cabinets "upon the shipment of the purchased cabinets arriving." (Am. Compl., p. 6.)  Bonham asserts that the existing cabinets were removed on October 7, 2004, but when the new cabinets arrived, several of the pieces were incorrect because the order was wrong.  (*Id*.)  He contends that he removed the kitchen countertops and sink and that Home Depot should have known the cabinets were ordered wrong and would have to be reordered and re-shipped.  (*Id*.)  Bonham asserts that he did not realize and was not made aware that there were problems with the installation of the cabinets and claims he continued to expect Home Depot to substantially perform the installation as represented to him.  (*Id*.)  He claims that Home Depot failed to tell him it would take substantially longer to have his cabinets installed than was originally represented.  (*Id*.)  Bonham contends that Home Depot should have known its initial representations were false at the time the cabinet shipment arrived.  (*Id*.)  He contends that Home Depot advertises that Home Depot will perform its installation in a timely and professional manner.  (*Id*.)

Home Depot asserts that Bonham has not properly identified or pleaded the elements of fraud in his amended complaint.  (Mot. to Dismiss, p. 3.)  The amended complaint asserts that

Home Depot should have known the cabinets were incorrectly ordered and that it would take longer to have his cabinets installed than he was originally told.  (Amend. Compl., p. 6.)

Home Depot asserts that Bonham has not met the elements for a fraud claim under Mississippi law.  (Mot. to Dismiss, p. 4.)  In a contract situation, an affirmative act of concealment is necessary, according to the Defendant.  (*Id*.)   There was no reliance on any of the incidents at issue in this lawsuit because Home Depot informed Bonham the cabinets were shipped (which is correct and accurate) and told him to remove his cabinets in anticipation of the arrival of the cabinets.  (*Id*., p. 5.)  Home Depot contends that these statements were not false.  (*Id*.)

<u>Discussion</u>

A Rule 12(b)(6) motion should be granted if the court finds that a plaintiff can prove no set of facts in support of his claim that would entitle him to the relief he seeks.  *Rubinstein v. Collins,* 20 F.3d 160, 166 (5th Cir. 1994).  In other words, dismissal is proper under Rule 12(b)(6) if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).  To avoid dismissal for failure to state a claim, a plaintiff  "must plead specific facts, not mere conclusory allegations."  *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992); *see Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) (conclusionary allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

The elements of fraud under Mississippi law, which must be proven by clear and convincing evidence, include:  (1) a representation; (2) its falsity; (3) its materiality; (4) the

speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Levens v. Campbell*, 733 So.2d 753, 761-62 (Miss. 1999). To establish fraudulent misrepresentation, the elements of fraud must be proven. *Spragins v. Sunburst Bank,* 605 So.2d 777, 780 (Miss. 1992). In addition, Bonham must prove that Home Depot actually had knowledge of the falsity of the statement. *Levens,* 733 So.2d at 761-62. Therein lies the fault with this claim.

Bonham claims that he was assured that installation of his cabinets would take no more than two to three days. (Am. Compl., p. 5.) He claims that Home Depot knew or should have known that the cabinets were incorrectly ordered and would have to be reordered and re-shipped from the manufacturer. (*Id*., p. 6.) At best, Bonham's claims could amount to negligence. The Court, however, finds that Bonham's assertion is without merit because Home Depot submitted its proposal to install the kitchen cabinets by November 12, 2004, and the cabinets were installed within 70 days of the order. Home Depot had no way of knowing that the cabinets were not ordered properly until delivery was made and the mistake was discovered. This does not support an active misrepresentation and a mistake, if any, does not constitute fraud. The Court finds that the facts in this case do not support Bonham's argument regarding fraud. *See In re Estate of Law,* 869 So.2d 1027, 1029 (Miss. 2004). Accordingly, the Court concludes that Home Depot's motion to dismiss Bonham's fraud claim should be granted.

Conclusion

For the aforementioned reasons, the Court finds that the Defendant's motion to dismiss [8-1] should be granted. A separate Judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 30th day of January, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE